**Thomas Jerry YEATER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22261.**

United States Court of Appeals
Ninth Circuit.

June 27, 1968.

J. B. Tietz (argued), Los Angeles, Cal., for appellant.

Arnold Regardie (argued), Asst. U. S. Atty., Robert L. Brosio, Asst. U. S. Atty. Chief Criminal Division, William M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and THOMPSON,* District Judge.

* Hon. Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

PER CURIAM:

Appellant appeals his conviction for refusing to submit to induction into the Armed Forces in violation of 50 U.S.C. App., Section 462.

The specifications of error are without merit. In the trial court, Appellant contended that there was no basis in fact for the I–A classification made by the Local Board because he was entitled to deferment for physical incapacity. He also suggested rather weakly that he was entitled to classification as a conscientious objector. He did not, in the trial court, assert entitlement to a dependency deferment as a defense.

■ Appellant did not appeal any of his I–A (available for military service) classifications through the appellate review channels of the Selective Service System. He is therefore precluded from claiming as a defense to a criminal prosecution, that there was no basis in fact for the classification. Evans v. United States, 9th Cir. 1958, 252 F.2d 509; Woo v. United States, 9th Cir. 1965, 350 F.2d 992; Greiff v. United States, 9th Cir. 1965, 348 F.2d 914.

■■ Further, the Selective Service file in evidence discloses ample basis in fact for the I–A classification on March 31, 1966, which was the predicate for the order to report for induction. The alleged physical deficiency resulted from a fracture of the right leg suffered by the registrant in 1964 which left the right leg one-half inch shorter than the other. The Armed Forces Examination Station found him acceptable for military service after thorough examination, including consultation with an orthopedic specialist. The classification can be overturned only if it has no basis in fact. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428; Storey v. United States, 9th Cir. 1966, 370 F.2d 255; Petrie v. United States, 9th Cir., decided May 21, 1968.

■ Appellant's lawyer on appeal, who did not represent him in the trial court, now contends that because of letters presented to the Selective Service Board after the order to report for induction, the Local Board was required to reconsider Appellant's classification and did not do so at a regularly convened meeting of the Board. Cf. Miller v. United States, 9th Cir. 1967, 388 F.2d 973. Equivocal entries in the Selective Service file are relied upon to support the contentions. Mrs. Anna Blumenthal, a supervising official of the Board, was a witness and was not queried about any of these issues. Not the slightest mention of them was made at the trial. Without implying a justification in fact for these assignments of error, we prefer to emphasize the procedural deficiency by resting our affirmance of the conviction upon the well-established rule of appellate review that defenses not raised in the district court will not be considered on appellate review. A prosecution for violation of the Universal Military Training and Service Act is no different from other criminal prosecutions in this respect. "The very purpose of such a rule is to enable the court to consider it below—to prevent error—to avoid appeal." Grant v. United States, 9th Cir. 1961, 291 F.2d 746. Appropriate inquiry of Mrs. Blumenthal or other Selective Service officials may well have clarified abbreviated record entries had the issues been presented and litigated. These afterthoughts, like the defense of entrapment, are not the plain fundamental errors invoking appellate cognizance despite the failure to assert them at trial. Cf. Elder v. United States, 9th Cir. 1953, 202 F.2d 465.

The judgment is affirmed.