**Ted David HOWZE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21906.**

United States Court of Appeals
Ninth Circuit.

March 13, 1969.

J. B. Tietz (argued), Los Angeles, Cal., for appellant.

Wm. M. Byrne, Jr., U. S. Atty., Robert L. Brosio, Craig B. Jorgensen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES and BROWNING, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

Ted David Howze appeals his conviction by the District Court, sitting without a jury, of willfully refusing to submit to induction into the armed forces, 50 U.S.C. App. § 462. The issue is whether Howze's Local Board erred when it refused to reopen his classification after Howze submitted a SSS form 118 ("Dependency Questionnaire") on January 20, 1966, 32 C.F.R. §§ 1625.2, 1625.4. Petrie v. United States, 407 F.2d 267, 9th Cir. (1969).

In his form 118, Howze stated that his father (age 62) and his mother (age 58) received a total of $36 a month in social security benefits, that neither had any other sources of income, that he earned $75 a week and that he was giving $80 a month to support his infant son. He also showed other monthly obligations of $112 (car payments and in-

---

* The Honorable Gus J. Solomon, United States District Judge for the District of Oregon, sitting by designation.

come tax). He asserted that neither his sister nor any of his five brothers was able to contribute to the support of Howze's parents. Howze stated that his father had stomach cancer.

The information in Howze's form 118, if true, presented a prima facie case for a III-A deferment.[1] A local board would have a basis in fact to grant a III-A classification on the basis of the information Howze submitted. Howze's financial position is similar to those of the registrants in United States ex rel. Wilkerson v. Commanding Officer, etc., 286 F.Supp. 290 (S.D.N.Y.1968), and United States v. Burlich, 257 F.Supp. 906 (S.D.N.Y.1966). In each of these cases, reopening was required.

 By refusing to reopen Howze's classification, the Local Board denied him the right to personally appear and appeal. 32 C.F.R. §§ 1625, 1626. Limited and delayed court review is justified by a registrant's ability to appear and appeal within the Selective Service System itself. Oestereich v. Selective Service System, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (Harlan, J., concurring). Howze's classification must be reopened and he must be allowed to personally appear and appeal since he submitted new information which, if true, provided a basis in fact for a new classification. Petrie v. United States, *supra*; United States v. Freeman, 388 F.2d 246 (7th Cir. 1967).

■ Howze's counsel failed to raise the issue of reopening at trial. Counsel on appeal claims it was raised, but the record does not appear to support him. Nevertheless, the issue should be considered because if the Local Board erred in not reopening, the failure of the trial court to remand would be plain error affecting one of the appellant's substantial rights. Rule 52(b), Fed.R.Cr.P. Quaid

---

1. "Prima facie case" is also used in Selective Service cases for its more traditional meaning: the facts a registrant must state in order to shift to his draft board the burden of producing "evidence 'incompatible with the registrant's proof of exemption * * *.'" Witmer v.

v. United States, 386 F.2d 25 (10th Cir. 1967). Furthermore, it is not certain that Howze failed to raise the issue at trial. In Oshatz v. United States, 404 F.2d 9 (9th Cir. 1968), the defendant was considered to have properly raised an issue not otherwise mentioned by moving for a Judgment of Acquittal after his Selective Service file was admitted in evidence.

Reversed.

United States, 348 U.S. 375, 381, 75 S. Ct. 392, 395, 99 L.Ed. 428 (1955); Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953). See also United States v. St. Clair, 293 F.Supp. 337 (E.D.N.Y.1968).