**UNITED STATES of America**

v.

**Ronald Thomas MACK, Defendant.**

**No. 69 Cr. 473.**

United States District Court,
S. D. New York.

April 21, 1970.

Whitney North Seymour, Jr., U. S. Atty., Southern District of New York, by Peter L. Truebner, Asst. U. S. Atty., New York City, for the United States.

Legal Aid Society, Lawrence Kessler, New York City, of counsel, for defendant.

LASKER, District Judge.

Ronald Mack was accused of refusing to submit to induction into the Armed Forces, in violation of the Military Selective Service Act of 1967, 50 U.S.C.

A.App. § 462(a). At the conclusion of the presentation of the evidence at his trial, he moved for a judgment of acquittal pursuant to Rule 29, F.R.Crim. Proc., 18 U.S.C.A. I granted the motion, for the reasons stated herein.

Mack registered with Local Board No. 12 the day of his eighteenth birthday, September 19, 1966. On December 14, 1966 he was classified I-S (Deferment; High School Student). About one year later, in December 1967, he became a believer in the tenets of the Nation of Islam, whose adherents are commonly known as the "Black Muslims."

Local Board No. 12 classified Mack 1-A on January 16, 1968, and notified him accordingly. He neither requested a personal appearance nor appealed that classification. On March 13, 1968 he was given a pre-induction physical examination, which he passed. On the same day he sent to the Draft Board the following letter, which was received by the Board on March 15:

"Dear Sir:

"My religion of Islam believe [sic] that we who declared ourselves to be righteous Muslims, should not participate in wars which take the lives of humans. I would like to have a meeting upon request on changing my classification to conscientious objector.

Thank you.

Ronald 40X Mack"

Mrs. Georgette Ward, the Executive Secretary of Local Board No. 12, a full-time clerical employee, responded to Mack's letter by sending him Form 150, the questionnaire for conscientious objectors. However, she did not invite Mack to appear before the Board for an interview, although, according to her testimony, the Board's policy entrusted her with the responsibility of sending such letters. Nor did she advise the Board that Mack had written a letter setting forth a claim of conscientious objection. Mack did not fill out or return the Form 150.

On May 7, 1968, the Board mailed an Order to Report for Induction to the defendant. The induction date was scheduled for May 21. Three days later, however, on May 10, Mrs. Ward sent a letter to Mack requesting him to report for an interview before the Board on May 15. Mrs. Ward testified that the purpose of the interview was to ascertain why Mack had failed to return the Form 150. But it was not until May 15, the night of the interview, that the Board members first learned that Mack had been sent the Form 150.

At the interview, Mack explained that he had not submitted the Form 150 because he knew that if he were called for induction he would refuse to step forward, and because his March 13 letter stated his position. The Board advised him that he could still file the form and that it would request authority from Headquarters to postpone his induction pending its receipt. Mack agreed to fill the form out, and he filed it with the Board on May 22, 1968. The Board received authority to postpone the induction until June, and scheduled another meeting with Mack for June 11.

At the June 11 meeting, the Board members interviewed Mack as to his claim of conscientious objection. They had before them his completed Form 150, which contained three separate reiterations of the principle, previously asserted by Mack in his March 13 letter, that "Muslims should not participate in wars which take the lives of humans." At one point on the Form 150 Mack added: "We do not believe this nation should force us to take part in such war, for we have nothing to gain from it unless America agrees to give up the necessary territory whereon we may have something to fight for."

After the interview, the Board summarized its conclusions as follows:

"Board does not believe registrant is sincere in his assertion of conscientious objection to participation in war in any form. Registrant also refuses to participate in noncombatant training or civilian duties in lieu of induction. S.S.S. 150 reviewed.

"No evidence to warrant reopening of 1A classification."

The Board notified Mack of its decision not to reopen his classification by letter dated June 12, 1968, and advised him to report for induction on June 18. Mack appeared at the induction center on the 18th, but he refused to take the symbolic step forward, and this prosecution ultimately ensued from that refusal.

The question raised by Mack's motion for acquittal is whether his refusal to submit to induction was justified because the Local Board improperly failed to reopen his classification after receiving his March 13 letter apprising the Board of his conscientious objection claim. Mack contends that the Board's failure to reopen deprived him of a right basic to due process—the right of appeal—and that under the holdings of Blalock v. United States, 247 F.2d 615, 619 (4th Cir.1957), Sobeloff, J., and United States v. Burlich, 257 F.Supp. 906, 911 (S.D.N.Y.1966), Weinfeld, J., the court may invalidate a prosecution where there has been a denial of basic procedural fairness. Had Mack's classification been reopened, he would have been entitled, under 32 C.F.R. §§ 1625.-11–1625.13, to appeal his new classification, whereas as the application was handled here he was unable to appeal the 1-A classification upon which his Order to Report for Induction was premised.

The applicable Selective Service System regulation is set forth in 32 C.F.R. § 1625.2, which states, in relevant part, that a local board

"* * * may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification * * *; provided * * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless that local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

At the outset, it is important to stress that the concluding proviso in § 1625.2, which limits the powers of a local board to reopen once an Induction Order has been sent, is not relevant here because Mack advised the Board of his conscientious objection claim *before* an Order to Report was issued. For that reason, the decisions of the Court of Appeals of the Second Circuit in United States v. Gearey, 368 F.2d 144 (1966); United States v. Gearey, 379 F.2d 915 (1967), cert. den. 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed. 2d 368, reh. den. 389 U.S. 1010, 88 S.Ct. 561, 19 L.Ed.2d 611 (1967), United States v. Sandbank, 403 F.2d 38 (1968), and United States v. Holmes, Jan. 12, 1970, 426 F.2d 915, are not applicable. In those cases the registrant first claimed to be a conscientious objector *after* receiving an Order to report for Induction. Here, Mack notified the Board that he wished to have his classification "changed to conscientious objector" not only more than seven weeks before receiving an Induction Order, but a week before he was informed that he had passed the pre-induction examination. The Court of Appeals for this Circuit has recently emphasized this difference between the general provision of § 1625.2 and the final provision concerning post-Induction Report claims. Paszel v. Laird, April 8, 1970, 426 F.2d 1169.

It is the first part of § 1625.2, then, that applies, and, although that provision appears to be permissive—i.e., it appears merely to allow the Local Board to reopen under the stated circumstances —several decisions have held that the Board is *required* to reopen when, after classifying the registrant, it receives newly presented facts which, as Judge Weinfeld stated in the most-cited of these cases,

"* * * are not frivolous and present a prima facie case for a requested de-

ferment * * *." United States v. Burlich, supra, 257 F.Supp. at 911.

See also United States v. Freeman, 388 F.2d 246 (7th Cir.1967), reh. den. en banc (1968); Howze v. United States, 409 F.2d 27 (9th Cir.1969); United States v. Grier, 415 F.2d 1098 (4th Cir. 1969); Olvera v. United States, 223 F. 2d 880 (5th Cir.1955).

The precise issue in this case is whether Mack established a prima facie case for reclassification in his March 13 letter. Judge Weinfeld defined a prima facie case as follows:

"A prima facie case is made out if a registrant has presented facts which, if true and uncontradicted by other information contained in his file, would be sufficient under the regulations to warrant granting his requested classification." United States v. Burlich, supra, at 911.

See also Howze v. United States, supra, 409 F.2d at 28, n. 1:

" 'Prima facie case' is also used in Selective Service cases for its more traditional meaning: the facts a registrant must state in order to shift to his draft board the burden of producing 'evidence' 'incompatible with the registrant's proof of exemption'. Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 395, 99 L.Ed. 428 (1955) * * *"

Applying the above stated definitions to this case, I find that Mack set forth sufficient information in his March 13 letter to warrant a reopening of his classification. He presented the requisite nexus between religious training and belief and conscientious opposition to war that is required by 32 C.F.R. § 1622.14, the Selective Service Regulation which defines Class I-O (Conscientious Objector).[1] To be sure, the letter contains the barest information relevant to a I-O classification, but it nevertheless indicates that, unless contradicted by other evidence, Mack would have been able to establish that "by reason of religious training and belief" he could not conscientiously participate in war.[2] Cf. United States v. Seeger, 380 U.S. 163, 173–174, 184, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). However, Mack was not afforded the opportunity to establish his claim to a I-O classification. Before he was given the chance to appear before the Local Board, he was ordered to report for induction. True, the Local Board, through its Executive Secretary, sent him a Form 1050 upon receipt of his letter, and he failed to return that form. But that failure did not automatically lead to a waiver of his claim; the Form 150 itself states only that failure by registrant to return it "may" be considered a waiver, not that it conclusively constitutes a waiver. See United States v. Stout, 415 F.2d 1190, 1191–1192 (4th

[1]. I am aware that in Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 396, 99 L.Ed. 428 (1955), the Supreme Court observed that in conscientious objector cases

" * * * the registrant cannot make out a prima facie case from objective facts alone, because the ultimate question in conscientious objector cases is the sincerity of the registrant in objecting, on religious grounds, to participation in war in any form. In these cases, objective facts are relevant only insofar as they help in determining the sincerity of the registrant in his claimed belief, purely a subjective question."

But in the Witmer case and in United States v. Corliss, 280 F.2d 808, 814 (2d Cir. 1960), which cites the above language, the registrants had obtained personal appearances before their respective boards. In Witmer and in Corliss, the precise question was whether there was a "basis in fact" for the classification, not whether the procedure employed in arriving at the classification had deprived the registrant of due process.

[2]. Local Board Memorandum No. 41, reprinted in 8–68 S.S.L.R., p. 2174 provides that a registrant may submit a claim of conscientious objection by filing any written statement and that the absence of a Form 150 does not preclude consideration by the Board of all the other evidence to support a claim of conscientious objection. These provisions were in effect in March 1968, when Mack sent in his letter. See United States v. Stout, 415 F.2d 1190, 1191–1192 (4th Cir. 1969).

Cir.1969). Furthermore, the language as to waiver appears in the midst of rather detailed instructions. Such obscure notice is not likely to enable untutored young men to make the type of knowing and intelligent decision ordinarily necessary for waiver—and the court believes it is entitled to take judicial notice of the fact that many of Local Board No. 12's West Harlem registrants (including specifically the defendant here) lack the sophistication necessary for effective utilization of Form 150 and other Selective Service System regulations.

Thus the Local Board should have given Mack's letter of March 13 additional consideration. It should have begun the process necessary for a reopening to occur by inviting him to appear before it personally, *before* the Induction Order was mailed instead of afterward. This would not impose any additional burden upon the Board—at least not here, where it decided to meet with Mack anyway—and it would not require the Board to do anything which it could not have done all along.

In view of my conclusion that Mack's letter required the Board to reopen his classification and that its failure to do so deprived him of his crucial right to appeal, it is not necessary to rule on Mack's alternative contention, which is that when the Board ultimately did meet with him it proceeded to consider his claim on the merits and then rejected it on the merits, and that this constituted a de facto reopening which should have been accompanied by the right to appeal.

My determination that Mack is entitled to have his classification reopened is not intended as a rebuke to Local Board 12. Indeed, that Board should be commended for inviting Mack to be interviewed after it had ordered him to report for induction, even though it did not believe he was entitled to such an appearance. While the Board provided little indication of the reasons underlying its terse conclusion ("Board does not believe registrant is sincere in his assertion of conscientious objection * * *

No evidence to warrant reopening of 1A classification."), it may well be that Mack in fact is not entitled to classification as a conscientious objector, especially since his opposition to military service seems based in part on political grounds concerning the Muslims' territorial demands. If upon reopening he is subsequently properly ordered to report for induction and again refuses to do so, the Government can, of course, initiate new proceedings.

The motion for judgment of acquittal is granted.