UNITED STATES of America, Plaintiff-Appellee,

v.

SEARS, ROEBUCK AND COMPANY, INCORPORATED, Defendant-Appellant.

No. 80–1770.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 1981.

Decided May 19, 1981.

Stephen D. Miller, Beverly Hills, Cal., for defendant-appellant.

Herbert B. Hoffman, Asst. U. S. Atty., San Diego, Cal., argued for plaintiff-appellee; Andrea Sheridan Ordin, U. S. Atty., Los Angeles, Cal., on brief.

Before SNEED, FLETCHER and NELSON, Circuit Judges.

SNEED, Circuit Judge:

This is another *Abney* appeal. *See Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). It consists of an appeal by defendant-appellant Sears, Roebuck and Company, Inc. from the district court's denial of its motion to dismiss an indictment charging Sears with making false statements and invoices to the U.S. Customs Service in violation of 18 U.S.C. § 542 and with conspiracy to file false statements and invoices in violation of 18 U.S.C. § 371 in connection with the importation of Japanese television receivers. The grounds asserted by Sears in its motion to dismiss were (1) estoppel; (2) discriminatory prose-

cution; and (3) prejudicial preindictment delay. Following the denial Sears filed this interlocutory appeal in which it again asserted each of these grounds as a basis for overturning the district court's denial of its motion. We affirm.

## I.

### THE ABNEY TEST

In view of the numerous recent decisions of this court concerning which interlocutory appeals are proper *Abney* appeals,[1] we need not rewrite the history of the very rapid recent developments in this area. It will suffice to quote the test we employ to determine the existence of jurisdiction that appears in *United States v. Mehrmanesh, supra,* note 1, 652 F.2d at 766:

> In *Abney*, the Supreme Court established a three-part test to determine whether an interlocutory appeal should be allowed. An order before final judgment may be appealed if: (1) it completely disposes of the issue in question; (2) it is totally unrelated to the merits of the case; and (3) the right asserted would be irreparably lost if the appeal were delayed until after final judgment.

Our task is to apply this test to each of the grounds asserted by Sears. In doing this we will not attempt to set forth the numerous assertions made by Sears and the government in their moving papers and in the voluminous record and briefs placed before this court. These assertions, as inescapably they must be at this stage of the proceedings, are imprecise and quite speculative. However, the record is sufficiently precise and factual to permit us to act definitively with respect to each of the three grounds on which Sears relies. In doing this we will refer to those facts we believe to be controlling.

## II.

### PRE–INDICTMENT DELAY

The ground of pre-indictment delay was virtually abandoned by Sears in this appeal. Our surmise is that Sears' long-standing practice of disclosing on customs documents only the Japanese Ministry of International Trade and Industry ("MITI") check price on imported television receivers, a practice also employed by at least some other importers, provided better support for its estoppel argument than for its pre-indictment delay contention. Our holding in *Mehrmanesh* which found no jurisdiction to entertain an interlocutory appeal on speedy trial grounds, also may have influenced Sears. In any event, pre-indictment delay has not been pressed upon us. Therefore, we pass to the remaining two grounds asserted by Sears.

## III.

### ESTOPPEL

Sears, in support of its estoppel argument, asserts that for many years the Customs Service knew that its invoices did not contain the lower-than-MITI price that it in fact paid for television sets it imported from Japan and yet the government did not institute any prosecution for making false statements. It also points out that prior to the 1973 *Continental Forwarding*[2] decision

---

1. *United States v. Mehrmanesh*, 652 F.2d 766 (9th Cir. 1981) (no interlocutory appeal of claim under the Speedy Trial Act); *United States v. Wilson*, 639 F.2d 500 (9th Cir. 1981) (interlocutory appeal permitted on denial of a discriminatory prosecution claim); *United States v. Linton*, 655 F.2d 930 (9th Cir. 1980) (no interlocutory appeal of claim of prosecutorial misconduct and use of perjured testimony before the grand jury); *United States v. Yellow Freight System, Inc.*, 637 F.2d 1248 (9th Cir. 1980) (claim of entitlement to indictment by a grand jury may be the subject of interlocutory appeal, but no interlocutory appeal of claim

that defendant was not a member of the class chargeable under the statutory offense charged); *United States v. Griffin*, 617 F.2d 1342 (9th Cir. 1980) (interlocutory appeal allowed on claim of vindictive prosecution); *see United States v. Roberts*, 640 F.2d 225 (9th Cir. 1981) (permitting interlocutory appeal from denial of motion to dismiss on grounds of double jeopardy).

2. *United States v. Continental Forwarding Co.*, 463 F.2d 1129 (C.C.P.A.1972). Continental Forwarding Co. and a number of other plaintiffs sued for the refund of import duty over-

the Customs Service itself believed that it was' necessary for it to employ the MITI check prices in computing duties properly payable by Sears. Thus, Sears argues, the government actively misled Sears and should be estopped from prosecuting it. Moreover, Sears continues, estoppel is a defense that, when properly asserted in an interlocutory appeal, must be heard under the principles of *Abney*.

█ The government suggests that Sears was not actively misled by the Customs Service because it knew that other importers reported both the MITI check prices and the actual lower-than-MITI prices and that it failed to report the latter price for other not revealed reasons. In any event, the government insists Sears' appeal from the district court's denial of its motion to dismiss the indictment is not appealable under *Abney*. It fails to meet the second and third parts of *Abney's* three-part test, the government contends.

We agree. To accept the claim of Sears would amount to a decision on the merits. Sears would lack the required criminal intent. Any doubt about this disappears when it is realized that an evidentiary hearing on the estoppel issue would likely be indistinguishable from a trial on the merits under the circumstances of this case.[3] Countless transactions and years of practice by the Customs Service and importers necessarily would be examined in such a hearing as, no doubt, they will be during the trial of this case.

Recognition of this fact also demonstrates that the third part of the *Abney* test is not met. Denial of an *Abney* appeal with respect to an estoppel defense does not cause the defense to be irreparably lost. In fact,

requiring the defense to be raised in the setting of a complete trial on the merits better enables the defendant to develop the defense to its greatest potential. Rather than the defense being lost, its possibilities are enlarged.

## IV.

## SELECTIVE PROSECUTION

Sears' third ground for appeal is that the government's prosecution is discriminatory. We recently held, in *United States v. Wilson*, 639 F.2d 500 (9th Cir. 1981), that a claim of selective or discriminatory prosecution can be the proper subject of an *Abney* appeal. We set forth the test to be applied to such claims:

> The law in this Circuit places the burden squarely upon the defendants to prove in a selective prosecution: 1. That others are generally not prosecuted for the same conduct; 2. [That] [t]he decision to prosecute this defendant was based on impermissible grounds such as race, religion or the exercise of constitutional rights.

*Id.* at 503.

█ The difficulty here is that Sears has not alleged that the government's decision to prosecute was based on any of the prohibited grounds. Sears cannot claim that it is being prosecuted because of its race or religion. *See Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 505, 7 L.Ed.2d 446 (1962). Nor does it assert that it is being prosecuted because it exercised some constitutional right, such as those guaranteed by the first and fifth amendments. *See United States v. Wilson*, 639 F.2d at 503–504. Sears merely makes vague assertions that

---

payments occasioned by the Customs Service policy of valuing Japanese binoculars at the MITI price for the assessment of duty despite the actual purchase price being lower than the MITI price. The *Continental Forwarding* court found Custom's practice illegal and ordered the refund of the overpayments.

**3.** In *United States v. MacDonald*, the Court relied on the necessity of inquiry into the particular circumstances of each case and the consequent overlap of evidence with that going to

the merits of the case to deny an interlocutory appeal on a claim of violation of the constitutional right to a speedy trial. 435 U.S. 850, 858–61, 98 S.Ct. 1547, 1551–1553, 56 L.Ed.2d 18 (1978). *Accord Firestone Tire & Rubber Co. v. Risjord*, —— U.S. ——, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) (the Court also pointed out that the collateral order rule was a practical rather than a technical construction of 28 U.S.C. § 1291).

its right to engage freely in business and foreign commerce is being interfered with by the instant prosecution. This will not support a claim of selective prosecution. *See United States v. Choate,* 619 F.2d 21, 23–24 (9th Cir. 1980).[4]

We hold that Sears has failed to make a facially valid claim of selective prosecution which could be the subject of an interlocutory appeal. We do not consider the merits, if any, of its claims of government misconduct; we merely hold that they are not appealable prior to trial.

The appeal is DISMISSED. The mandate shall issue forthwith.

---

4. In any event Sears' factual showing is too insubstantial to entitle it to a hearing. The disruptions from interim appeals are so costly to speedy trials and orderly administration of criminal justice that we will not remand for an evidentiary hearing unless the showing is so substantial that the district court abused its discretion in denying a hearing. *See United States v. Scott,* 521 F.2d 1188, 1195–96 (9th Cir. 1975).