**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**David PHILLIPS, Defendant—**
**Appellant.**

**United States of America,**
**Plaintiff—Appellant,**

v.

**David Phillips, Defendant—Appellee.**

Nos. 02–30035, 02–30046.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2003.

Decided Jan. 30, 2004.

Kris A. McLean, Esq., Missoula, MT, Stephanie Tai, Esq., Washington, DC, for Plaintiff–Appellee.

Bryan C. Tipp, Michael J. Sherwood, Esq., Missoula, MT, for Defendant–Appellant.

Before: BRUNETTI, T.G. NELSON, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

David Phillips appeals his criminal conviction for violation of the Clean Water Act ("CWA") and conspiracy. We have juris-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

diction pursuant to 28 U.S.C. § 1291, and we affirm. Because the facts are known to the parties, we do not recite them here.[1]

## I. *Phillips' Motions to Dismiss the Indictment*

█ Many of Phillips' arguments assert that the district court erred when it refused to dismiss the indictment against him. Phillips based several of his arguments on an estoppel theory.[2] The court correctly concluded that Phillips' claim of reliance upon the Army Corps of Engineers' letter rested on factual issues that were best left to the jury.[3]

█ The district court appropriately concluded that Phillips failed to show that the court should dismiss the indictment because the federal prosecution was a sham for the state prosecution.[4] Therefore, Phillips' claims based upon successive prosecution also fail. The federal agencies conducted substantial investigation prior to the termination of the state proceedings.

Furthermore, the state did not pay for the federal prosecution, and its personnel were not in charge of the federal prosecution. Although state personnel testified in the federal prosecution, this shows nothing more than "close coordination" between two sovereigns, which is constitutionally acceptable.[5]

█ In addressing Phillips' due process argument,[6] the district court correctly concluded that the CWA "provide[d] adequate notice to a person of ordinary intelligence that his contemplated conduct [was] illegal."[7] Phillips should have known that his conduct might be prohibited. The CWA defines "pollutant" broadly to include materials like dredged spoil (i.e., dredged earth), rock, and sand, which are not inherently harmful.[8] Phillips, as a real estate developer, is expected to apprise himself of the reach of the law.[9] Further, because the CWA includes a *mens rea* of "knowingly" for criminal violations, Phil-

---

1. We address those claims not disposed of here in our separate published opinion in this case.

2. *See United States v. Tallmadge,* 829 F.2d 767, 773 (9th Cir.1987) (noting that an estoppel defense "applies when an official tells the defendant that certain conduct is legal and the defendant believes the official") (internal quotation marks omitted).

3. *See United States v. Brebner,* 951 F.2d 1017, 1024 (9th Cir.1991) (holding that a defendant must show that "a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries") (internal quotation marks omitted); *United States v. Sears, Roebuck & Co.,* 647 F.2d 902, 904 (9th Cir.1981) (concluding that the district court did not err in refusing to dismiss an indictment on estoppel grounds because to "accept [defendant's] claim ... would amount to a decision on the merits" going to defendant's lack of criminal intent, and a hearing on the issue would be "indistinguishable from a trial").

4. *Bartkus v. Illinois,* 359 U.S. 121, 122–24, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); *see also United States v. Figueroa–Soto,* 938 F.2d 1015, 1019–20 (9th Cir.1991); *United States v. Bernhardt,* 831 F.2d 181, 181–83 (9th Cir.1987).

5. *Figueroa–Soto,* 938 F.2d at 1020.

6. We interpret Phillips' claim as a due process claim. The one case to which Phillips cites, *United States v. Plaza Health Labs., Inc.,* 3 F.3d 643 (2d Cir.1993), deals with the application of the rule of lenity in a context in which the defendant was not provided fair notice that his conduct would be prohibited, a due process type claim. *Id.* at 649.

7. *Buckley v. Valeo,* 424 U.S. 1, 77, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976).

8. 33 U.S.C. § 1362(6).

9. *United States v. Iverson,* 162 F.3d 1015, 1021 (9th Cir.1998).

lips must make a more robust showing that he did not have adequate notice that this conduct was illegal.[10] Therefore, we hold that the district court appropriately refused to dismiss the indictment.

### II. *Phillips' Pretrial Interview Request*

■ Phillips also contends that the district court erred by concluding that it had no power to order witnesses to submit to pretrial interviews with Phillips' counsel. Contrary to Phillips' suggestion, the court did not base its decision on a lack of power. Instead, it concluded that Phillips failed to show prosecutorial misconduct. Witnesses have a right to refuse to grant interviews.[11] In the absence of any showing of prosecutorial misconduct,[12] the district court correctly refused to override the witnesses' choice not to talk to defense counsel.

### III. *Phillips' Impeachment Claim*

■ Phillips failed to preserve his claim that the district court improperly precluded him from impeaching witnesses. He made no offer of proof to clarify the proposed line of questioning.[13] Thus, the district court did not have an opportunity to make an informed judgment. Because Phillips has not shown plain error,[14] we hold that Phillips failed to preserve this claim and we decline to address it.

### IV. *Phillips' Jury Instruction Claims*

Phillips also asserts several claims regarding the district court's jury instructions. We address one of these claims in the accompanying opinion in this case. Phillips' remaining jury instruction claims all fail.

■ First, the court's jury instructions did not present a risk of a non-unanimous verdict. Even assuming that unanimity was required on all of the points Phillips contends, he did not show there was a risk of jury confusion under the facts of his case.[15] For example, the district court gave both a specific and a general unanimity instruction, and the court provided the jury with a chart showing the date, place, and pollutant alleged for each count. Thus, the district court's instructions reduced any risk that the jury would render a non-unanimous verdict.[16]

---

**10.** 33 U.S.C. § 1319(c)(2)(A); *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 499, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) (holding that a *mens rea* "requirement may mitigate a law's vagueness").

**11.** *United States v. Black,* 767 F.2d 1334, 1338 (9th Cir.1985).

**12.** *See United States v. Woodley,* 9 F.3d 774, 777 (9th Cir.1993); *United States v. Cook,* 608 F.2d 1175, 1180–82 (9th Cir.1979), *overruled on other grounds by Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984).

**13.** FED.R.EVID. 103(a)(2); *Elder v. United States,* 202 F.2d 465, 467 (9th Cir.1953).

**14.** FED.R.EVID. 103(d).

**15.** *United States v. Echeverry,* 719 F.2d 974, 975 (9th Cir.1983).

**16.** Phillips' reliance upon *United States v. Savage,* 67 F.3d 1435 (9th Cir.1995), is misplaced. The *Savage* indictment was duplicitous, charging two separate crimes from two statutory subsections in each count. *Id.* at 1439. The instructions required the jury to find the elements of both offenses to convict on any one count. *Id.* at 1439 & n. 4. Accordingly, the instructions did not raise a risk of non-unanimity because by "combining the two offenses ... the government had ... imposed an additional burden on itself." *Id.* at 1440. However, an indictment charging a defendant with violating the CWA by discharging multiple pollutants does not charge two different statutory offenses. *See United States v. DeFilippis,* 637 F.2d 1370, 1374 & n. 7 (9th Cir.1981); *United States v. UCO Oil Co.,* 546 F.2d 833, 838 (9th Cir.1976). Therefore, *Savage* is not applicable to this case. Further, the district court's instructions adequately eliminated any risk of non-unanimity.

Second, Phillips argues, relying upon *Staples v. United States*,[17] that the *mens rea* required for CWA criminal violations is more than a knowing discharge of a pollutant. Phillips' reliance upon *Staples* in this context is precluded by our decision in *United States v. Weitzenhoff*,[18] which rejected the application of the *Staples* analysis in construing the CWA *mens rea* requirement.[19] A reasonable jury could conclude that Phillips knew the fact of and the content of the discharge. Even assuming that the court's jury instructions could allow a conviction without a finding that Phillips knew the factual nature of the discharge,[20] the testimony in this case rendered any error harmless.

 Third, the district court correctly refused to instruct the jury that the Government must prove that Phillips' discharges caused a degradation of aquatic resources. The CWA does not require proof of environmental harm.[21]

Fourth, Phillips argues that the district court improperly instructed the jury on the statutory requirements for a criminal violation of the CWA. Phillips' arguments fail because the court's instructions did not misstate the law and were certainly not an abuse of discretion.[22]

---

**17.** 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994).

**18.** 35 F.3d 1275 (9th Cir.1993).

**19.** *Id.* at 1285–86.

**20.** *Id.* at 1283; *Iverson*, 162 F.3d at 1026.

**21.** *See* 33 U.S.C. § 1311(a) (prohibiting all discharges unless in compliance with the CWA's provisions); *Iverson*, 162 F.3d at 1021 (concluding, in a CWA criminal case, that the district court did not err in "refusing to in-struct the jury about the effect that defen-dant's discharges had on the water ... [and] denying defendant's motion for acquittal, be-cause the government did not have to prove that the discharges affected the water").

**22.** *United States v. Jackson*, 436 F.2d 39, 41–42 (9th Cir.1970) ("In instructing the jury on the law, the judge need not deal in abstrac-tions but may be as specific as the facts per-mit.").

